# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**UNITED STATES OF AMERICA,**

v.

**RAKEM HENDRICKSON,**

                **Defendant.**

_____

1:19-cr-00012

TO:    Daniel H. Huston, Esq., AUSA
         Michael A. Rogers, Esq., AFPD

## ORDER

THIS MATTER is before the Court upon Defendant's Motion to Reconsider Detention Order ("Mot.," ECF No. 91). The United States opposed the motion ("Opp'n.," ECF No. 93), and Defendant replied ("Reply," ECF No. 94).

Having reviewed the motion and upon due consideration thereof, the Court will deny the motion.

## I. BACKGROUND AND ARGUMENTS

In the instant motion, Defendant asks the Court to reconsider its August 20, 2019 order (ECF No. 57) revoking Defendant's pretrial release and granting the government's motion for detention. In that order, the Court explained:

> Having heard the testimony of the Pretrial Services/Probation Officer and other witnesses and the arguments of counsel and given the fact that the Court had previously admonished Defendant regarding violating the conditions of his release (*see* Minute Entry for proceedings (ECF No. 42)) and upon due consideration of all of the foregoing, the Court finds that there is "clear and convincing evidence that [Defendant] has violated any other condition of release . . . ." 18 U.S.C. § 3148(b)(1)(B) and further finds that Defendant "is

unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B).

(Order, Aug. 20, 2019, ECF No. 42 at 1-2).

The gravamen of Defendant's motion is that the Court must now order his release given that he "has now identified a new third-party custodian and residence." Mot. at 1. Specifically, Defendant asks that he be released into the custody of Amber Stanley and reside at her residence on 24-hour house arrest. *Id.* at 2. The government opposes on the grounds that "a new third-party custodian fails to negate [D]efendant's drug use and his apparent involvement in drug trafficking while previously released on bond." Opp'n. at 4. In reply, Defendant states 1) that during the past six months, he has complied with the August 20, 2019 order, 2) that he was initially released on 24-hour house arrest and was compliant with the Court's terms of release at that time. Reply at 1-3. As to the second point, Defendant states that "[s]hould he be released again under those same conditions at the new residence, this Court can be confident that [he] will comply with those terms and conditions." *Id.* at 3.

## II.     DISCUSSION

Local Rule of Civil Procedure 7.3, made applicable to criminal cases by Rule 1.2 of the Local Rules of Criminal Procedure, provides that:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
>
> 2. availability of new evidence, or;

3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F.Supp.2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

As an initial matter, the Court *sua sponte* concludes that Defendant has not addressed, much less demonstrated, good cause for his late filing on the motion. More than six months have passed since the detention order was issued, and Defendant has not explained why he did not file this motion at an earlier time.

Alternatively, Defendant's argument does not meet any of the three criteria required for reconsideration. While the availability of a new third-party custodian does, perhaps, address a minor change in circumstances for Defendant, it does not address the core reasons underpinning the Court's decision to enter the detention order in the first place. Specifically, Defendant puts forth no factual or legal authority to suggest that his placement with a new third-party custodian would somehow mitigate his violations of the conditions of his release.

Having considered the record and the parties' briefing, the Court finds that Defendant's previous violations of his conditions of release outweigh any change in circumstances regarding a potential new third-party custodian. To protect the community from further harm, Defendant should be in detention. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992).

### III.  CONCLUSION

Accordingly, it is now hereby **ORDERED** that Defendant's Motion to Reconsider Detention Order (ECF No. 91) is **DENIED**.

ENTER:

Dated: March 13, 2020
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE