**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2019-0012** |
| ) | |
| **RAKEM HENDRICKSON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
   *For the United States*

**Matthew A. Campbell, Esq.**
St. Thomas, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION AND
## CONSENT PRELIMINARY ORDER OF FORFEITURE

THIS MATTER comes before the Court on the Government's "Uncontested Motion for Entry of Consent Order of Forfeiture" ("First Motion") (Dkt. No. 184) and the Government's "Motion for Hearing on Uncontested Motion for Entry of Order of Forfeiture" ("Second Motion") (Dkt. No. 188). The Motions follow a Revised Plea Agreement (Dkt. No. 164) between Defendant Rakem Hendrickson ("Defendant") and the Government—wherein Defendant entered a plea of guilty to Count II of the Indictment (Dkt. No. 68) in the above-captioned matter—and Defendant's Sentencing Hearing held on April 21, 2021 (Dkt. No. 176).

In the Indictment, the United States included a forfeiture allegation as to Count II pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), which asserted a forfeiture claim as to "one black Glock 22 Austria .40 caliber handgun with magazine, SN# FPG169" and "one black Glock extended magazine" along with "all [other] firearms and ammunition involved in the commission

of the offense[.]" (Dkt. No. 68 at 4). The Court orally pronounced the forfeiture of these items at the Sentencing Hearing, and included the forfeiture of all items to which the parties agreed[1] in the Judgment in a Criminal Case. (Dkt. No. 180 at 7-8). However, the Government neglected to file a Motion for a Preliminary Order of Forfeiture prior to Sentencing, and thus the Court did not enter such an Order in advance of the Sentencing Hearing in accordance with Rule 32.2(b). Instead, the Government represents that Defendant "consented to the forfeiture of the firearms and ammunition and admitted that they were involved in the offense for which he was convicted" during his Change of Plea Hearing. (Dkt. No. 184 at 3-4).

To address the absence of a Preliminary Order of Forfeiture, the Government filed its First Motion and requested the entry of a Consent Order of Forfeiture. (Dkt. No. 184). The Government also provided a Consent Order of Forfeiture (Dkt. No. 184-1) and represented that its First Motion is unopposed. (Dkt. No. 184 at 4). In its Second Motion, the Government requested a Hearing on the issue and represented that it "needs the order of forfeiture to complete the forfeiture process and dispose of the property." (Dkt. No. 188 at 1).

## DISCUSSION

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, "the court may at any time correct . . . an error in the record arising from oversight or omission." Failure to enter a preliminary order of forfeiture is harmless error where the Court orders the forfeiture at sentencing and gives the defendant an opportunity to dispute the forfeiture. *See United States v. Farias*, 836 F.3d 1315, 1330 (11th Cir. 2016) ("[W]e cannot see how [defendant] was prejudiced in any way by the district

---

[1] In addition to the items identified above, the forfeited items included: (1) one rifle magazine containing thirty 7.62x39 cartridges; (2) five 7.62x39 cartridges; (3) six .40 caliber S&W cartridges; (4) four .9mm cartridges; and (5) one .40 caliber cartridge. Defendant agreed to forfeit these additional items in his Revised Plea Agreement. (Dkt. No. 164 at 8).

2

court's failure to comply with Rule 32.2 [by failing to issue a preliminary order of forfeiture], and we can confidently say the error was harmless" because defendant "had a full opportunity to contest the forfeiture at the sentencing hearing."). Thus, district courts may use Rule 36 to "remedy" the "harmless error" of the absence of a preliminary order of forfeiture prior to sentencing. *See United States v. Lee*, 77 F.4th 565, 583 (7th Cir. 2023) ("The problem in Lee's case relates exclusively to the absence of a preliminary order of forfeiture; the court orally announced the forfeiture as part of its judgment. In this setting . . . harmless-error analysis applies. . . . Because the district court orally imposed the $455,229.23 order of forfeiture in open court, it may now rely on Rule 36 to conform the written judgment to the oral pronouncement.").

Here, there can be no doubt that the absence of the entry of a preliminary order of forfeiture is harmless error. *See Farias*, 836 F.3d at 1330. First, Defendant had sufficient notice of the forfeiture of the items: the Government included a Forfeiture Allegation as to Count II in the Indictment, which gave notice of the forfeiture of "one black Glock 22 Austria .40 caliber handgun with magazine, SN# FPG169" and "one black Glock extended magazine" (Dkt. No. 68 at 4), and Defendant agreed to forfeit these items and additional ammunition in the Revised Plea Agreement that he signed (Dkt. No. 164 at 8). Second, Defendant had an opportunity to contest the forfeiture: the Court orally pronounced the forfeiture of these items at the Sentencing Hearing, and included the forfeiture in the Judgment in a Criminal Case. (Dkt. No. 180 at 7-8). Third, Defendant consents to the forfeiture of the items: the Government and Defendant both signed a "Consent Order of Forfeiture" (Dkt. No. 184-1) prior to the Sentencing Hearing and the Government represents that its First Motion is unopposed (Dkt. No. 184 at 4). Fourth, as a felon now prohibited from possessing firearms, the firearm and ammunition cannot be returned to Defendant. Accordingly, the Court will remedy this harmless error through the issuance of a consent

3

preliminary order of forfeiture, as permitted by Rule 36. *See Lee*, 77 F.4th at 582 ("[T]he court may deem the absence of a preliminary order an error, but a harmless one, under the circumstances. . . . The preliminary order of forfeiture contemplated by the rule plays an important role, and omission of such an order may often lead to prejudice. . . In this case, the court's mistake was harmless error that can be remedied under Rule 36.").

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, after a guilty plea is accepted on a count in which criminal forfeiture is sought, "the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." The court's determination "may be based on evidence already in the record, including any written plea agreement." Fed. R. Crim. P. 32.2(b)(1)(B).

Defendant pleaded guilty to Count II of the Indictment—Use of a Firearm During a Drug Trafficking Crime—in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i). (Dkt. No. 169 at 1). The Indictment sought the forfeiture of "any firearms and ammunition involved in the commission of the offense," including but not limited to "one black Glock 22 Austria .40 caliber handgun with magazine, SN# FPG169" and "one black Glock extended magazine." (Dkt. No. 68 at 4). The Revised Plea Agreement listed additional ammunition involved in the commission of the offense that Defendant agreed to forfeit. (Dkt. No. 164 at 8).

Pursuant to 18 U.S.C. § 924(d), "[a]ny firearm or ammunition involved in or used in . . . willful violation of any other provision of this chapter [Chapter 44] or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States . . . where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and

4

forfeiture[.]" As Defendant has pleaded guilty to a violation of 18 U.S.C. § 924, which falls within Title 18 of the United States Code Chapter 44 titled Firearms, the forfeiture provision of 18 U.S.C. § 924(d) is applicable.

Title 18 United States Code, Section 924(c)(1)(A)(i) makes it unlawful for any person "during and in relation to any . . . drug trafficking crime" to "use[] or carr[y] a firearm[.]" Defendant conceded in the Revised Plea Agreement, and at his subsequent plea in open court, that he knowingly carried a firearm during and in relation to a drug trafficking crime. (Dkt. No. 164 at 3).

Based on the record before the Court demonstrating that the black Glock .40 caliber handgun, black Glock extended magazine, and additional ammunition at issue here were used to commit the offense of possessing a firearm during and in relation to any drug trafficking crime, to which Defendant has pleaded guilty, the Court finds that the requisite nexus has been established between the property sought to be seized and the offense. Accordingly, the aforementioned firearm and ammunition are subject to forfeiture.

## CONSENT PRELIMINARY ORDER OF FORFEITURE

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion to Enter Consent Order of Forfeiture" (Dkt. No. 184) is **GRANTED**; and it is further

**ORDERED** that the Government's "Motion for Hearing on Uncontested Motion for Entry of Order of Forfeiture" (Dkt. No. 188) is **DENIED AS MOOT**; and it is further

**ORDERED** that the absence of a motion for the entry of a Preliminary Order of Forfeiture prior to Sentencing and the corresponding absence of the entry of such an Order is **CORRECTED** herein, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, by the instant Motion for

the Entry of a Consent Order of Forfeiture and the entry of the instant Consent Preliminary Order of Forfeiture; and it is further

**ORDERED** that the Attorney General, or his designee, shall seize the forfeited property and may "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and it is further

**ORDERED** that the United States is authorized to commence any applicable forfeiture-related third party proceeding to comply with any statute or rule governing forfeiture; and it is further

**ORDERED** that the United States shall publish notice of this Order and its intent to dispose of the property in such manner as directed by Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure. Pursuant to Rule 32.2(b)(6)(A), the Government must "publish notice of the order and send notice to any person who reasonably appears to be a potential claimant"; and it is further

**ORDERED** that the Government "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of [this Preliminary Order of Forfeiture] as a substitute for published notice as to those persons so notified." 21 U.S.C. § 853(n)(1); and it is further

**ORDERED** that any person, other than the above-named defendant, asserting a legal interest in the above-described property subject to forfeiture may, "within thirty days of the final publication of notice or his receipt of notice," whichever is earlier, "petition the court for a hearing [without a jury] to adjudicate the validity of his alleged interest in the property" in accordance with 21 U.S.C. § 853(n)(2); and it is further

**ORDERED** that any petition filed by a third party asserting an interest in the above-described property subject to forfeiture "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought" in accordance with 21 U.S.C. § 853(n)(3); and it is further

**ORDERED** that pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment, and if no third-party files a timely claim, this Order shall become the Final Order of Forfeiture pursuant to Rule 32.2(c)(2); and it is further

**ORDERED** that if a third-party files a timely claim, the court must conduct an ancillary proceeding.  Pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."  After disposing of any such motion filed under Rule 32.2(c)(1)(A), "the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure." Fed. R. Crim. P. 32.2(c)(1)(B).  "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." *Id*.; and it is further

**ORDERED** that after "the court's disposition of all petitions filed . . . or if no such petitions are filed following the expiration of the period provided in [21 U.S.C. § 853(n)(2)] for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee" in accordance with 21 U.S.C. § 853(n)(7); and it is further

7

**ORDERED** that pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

**SO ORDERED.**

Date:   February 15, 2026                              _____/s/_____
                                                       WILMA A. LEWIS
                                                       Senior District Judge